United States District Court
Southern District of Texas
FILED

MAR 17 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| NICOLAS REYES, Individually and<br>MAGDA REYES, Individually and as<br>Next Friend of Minors, JUAN AMAYA,<br>SERGIO REYES, and ANISSA REYES,<br><br>Plaintiffs,<br><br>v.<br><br>PORFIRO ANAYA and the UNITED<br>DEPARTMENT OF JUSTICE/<br>IMMIGRATION AND NATURALIZATION<br>SERVICE,<br><br>Defendants. | CIVIL ACTION No. B-02-237 |

## DEFENDANTS' ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

The Defendants herein, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, files this its answer to Plaintiffs' Original Complaint and respectfully shows unto the Court as follows:

### 1. PRELIMINARY STATEMENT

a.  This paragraph's allegations require no response as they contain argument of counsel. To the extent that a response is required, they are denied. Defendants assert, however, that the United States of America is the only proper defendant in a suit for recovery of damages resulting from common law tort claims alleged against any of its employees acting in the course and scope of their employment. *(See 28 U.S.C. 2679 and Plaintiff's Original Complaint at paragraph 4. d.).* In that the United States of America is the only proper defendant under the Federal Tort Claims Act, the United States Department of Justice/Immigration and Naturalization Service should be dismissed. *(See 28 U.S.C. 2679[a]).*

## 2. PARTIES

a. Defendants lack sufficient information and/or knowledge from which they can form a response. To the extent that a response is required, the Defendants deny the allegations in this paragraph.

b. Defendants deny that Border Patrol Agent Porfirio Anaya is a proper Defendant in this lawsuit. As alleged by Plaintiffs at paragraph 4.d. of their Original Complaint, United States Border Patrol Agent Anaya was acting within the course and scope of his employment at the time of the accident at issue. The remaining allegations regarding Border Patrol Agent Anaya's residence and work address are admitted.

c. Deny that the United States Immigration and Naturalization Service is a proper Defendant in this lawsuit. *(See 28 U.S.C. 2679[a])*. The remaining information in this paragraph indicating the addresses for service upon the United States Attorney and the Immigration Service are correct and admitted. However, the rules governing service upon the United States also require that the United States Attorney General be served with a copy of the summons and complaint. *(See Rule 4(i)(1)(B) of the Federal Rules of Civil Procedure)*.

## 3. JURISDICTION AND VENUE

a. Denied. The Federal Tort Claims Act is an avenue for recovery against the United States America; the Defendants named herein are not proper Defendants under the Federal Tort Claims Act and they should be dismissed.

b. Admit.

## 4. FACTS ON WHICH SUIT IS BASED

a. Admit the first two sentences of this paragraph. Admit that Border Patrol Agent was attempting a u-turn at the time he collided with the Plaintiffs' vehicle. All other allegations sound in argument of counsel; as such they are denied.

b. This paragraph's allegations require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

c. This paragraph's allegations require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

d. This paragraph's allegations require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

e. Admit.

f. This paragraph's allegations require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

### 5. DAMAGES

a. This paragraph's allegations require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

### 6. JURY DEMAND

a. Deny. Plaintiffs are not entitled to a jury trial for claims brought under the Federal Tort Claims Act. *(See 28 U.S.C. 2402).*

### 7. PRAYER

a. This paragraph's allegations require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

It is affirmatively alleged that Plaintiffs' Original Complaint fails to state a claim upon which relief can be granted. Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, it is affirmatively alleged that the injuries and/or property damages alleged in the petition were not proximately caused by a negligent or wrongful act or omission of an employee of the United States.

### THIRD AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, defendants allege that any and all injuries and damages allegedly suffered by the plaintiffs were caused by plaintiffs' own negligence, acts and/or omissions.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, defendants allege that plaintiffs injuries and/or property damages, if any, are the result of the contributory negligence of plaintiffs. Plaintiffs' recovery, if any, is reduced and/or barred by the applicable Texas common or statutory law governing comparative negligence.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, the plaintiffs have not suffered the alleged damages claimed by the plaintiffs in their Complaint.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, the plaintiffs' recovery, if any, in this action is limited to the amount stated in the administrative claim pursuant to 28 U.S.C. §2675(b).

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, plaintiffs are not entitled to attorney's fees against the United States pursuant to 28 U.S.C. §2678 which provides no attorney shall charge for services rendered, fees in excess of 25% of any judgment or settlement made in this FTCA case.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, plaintiffs are not entitled to pre-judgment interest under the Federal Tort Claims Act.  See 28 U.S.C. 2674.

### NINTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, plaintiffs are not entitled to a jury for claims against the United States under the Federal Tort Claims Act.  28 U.S.C. 2402.

### TENTH AFFIRMATIVE DEFENSE

The plaintiffs' Original Complaint should be dismissed as to the United States Department of Justice/Immigration and Naturalization Service and Porfirio Anaya, whom are not proper party defendants.  28 U.S.C. §2679.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to properly serve the necessary parties to this action.  Rule 4(i)(1)(B) of the Federal Rules of Civil Procedure requires Plaintiffs to serve the United States Attorney General with a copy of the summons and complaint.

\
\
\
\

WHEREFORE, PREMISES CONSIDERED, the defendants pray that the plaintiffs take nothing by their suit, that the suit be dismissed with prejudice, and that the defendants have such other and further relief to which it may be entitled.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

NANCY L. MASSO
Assistant U.S. Attorney
600 E. Harrison, #201
Brownsville, TX 78520
Tel:   (956) 548-2554
Fax:   (956) 548-2549
Texas State Bar No. 00800490
Federal I.D. No. 10263

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing Defendants' Answer To Plaintiffs' Original Complaint was mailed on this the 17th day of March, 2003 via Certified Mail, Return Receipt Requested to San Juanita R. Campos, Attorney at Law, LAW OFFICES OF EZEQUIEL REYNA, JR., L.L.P., 702 W. Expressway 83, Suite 100, Weslaco, Texas 78596.

NANCY L. MASSO
Assistant U.S. Attorney