UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**APR 1 7** 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| NICOLAS REYES, INDIVIDUALLY, and MAGDA REYES, INDIVIDUALLY AND AS NEXT FRIEND OF MINORS JUAN AMAYA, SERGIO REYES AND ANISSA REYES | § § § § § | |
| V. | § § | CASE NO. B-02-237 |
| PORFIRIO ANAYA AND THE UNITED STATES DEPARTMENT OF JUSTICE/IMMIGRATION AND NATURALIZATION SERVICE | § | |

## PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED PLEADING

TO THE HONORABLE JUDGE:

Plaintiffs request leave of court to file an amended pleading, Plaintiffs' First Amended Complaint and in support thereof will show the following:

I.

1.    Plaintiffs are Nicolas Reyes, individually, and Magda Reyes, individually and a/n/f of Juan Amaya, Sergio Reyes and Anissa Reyes.

2.    Plaintiffs sued defendant for damages suffered by the plaintiffs as a result of an October 13, 2001 automobile accident involving the plaintiffs and a U.S. Border Patrol vehicle driven by Porfirio Anaya.

3.    Defendant has filed its answer to this suit. Defendants assert that they are improper parties.

4.    The only purpose for amending Plaintiffs' Complaint is to properly identify the defendant to be sued in regards to this claim.

II.

5.    Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a); *Walton v. Mental Health Ass'n*, 168 F.3d 661, 665 (3d Cir. 1999).

6.    The court should allow the filing of Plaintiffs' First Amended Complaint because it is procedural in nature; the amendment was prepared in good faith; was not prepared to cause undue delay or hardship, but to facilitate the forward progress of this claim; and in the interest of justice.

7.    Defendant has informed plaintiffs that it is unopposed to the filing of the Amended Complaint.

8.    The Amended Pleading is being filed along with this motion.

III.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully requests this Honorable Court grant leave to permit Plaintiffs to file their First Amended Complaint.

Respectfully,

LAW OFFICES OF EZEQUIEL REYNA, JR.
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556
(956) 969-8012 (Fax)

By:_____
      San Juanita R. Campos
      Federal Bar No. 10044
      State Bar No.  03733090

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on this the _14th_ day of April, 2003, to the following counsel of record:

Nancy L. Masso, Assistant U.S. Attorney
Michael T. Shelby, U.S. Attorney
600 E. Harrison, No. 201
Brownsville, Texas 78520

_____
San Juanita R. Campos

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| NICOLAS REYES, INDIVIDUALLY, and §<br>MAGDA REYES, INDIVIDUALLY AND AS §<br>NEXT FRIEND OF MINORS JUAN AMAYA, §<br>SERGIO REYES AND ANISSA REYES §<br> §<br>V.                                         § | CASE NO. B-02-237 |
| UNITED STATES OF AMERICA              § | |
| § | |

PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Nicolas Reyes, individually, and Magda Reyes, individually and as next friend of minors Juan Amaya, Sergio Reyes and Anissa Reyes file suit against the United States of America and for cause of action will show the following:

1. PRELIMINARY STATEMENT

a.     Plaintiffs intend to pursue a claim for damages against the defendants as a result of an October 13, 2001 automobile accident involving the plaintiffs and a U.S. Border Patrol vehicle driven by Porfirio Anaya.

2. PARTIES

a.     Plaintiffs are individuals who reside in the city of Brownsville, County of Cameron, and State of Texas.

b.     Defendant, United States of America, may be served with process by serving Michael T. Shelby, U.S. Attorney, 600 E. Harrison, No. 201, Brownsville, Texas 78520.

### 3. JURISDICTION AND VENUE

a.      This Court has jurisdiction pursuant to 28 U.S.C.A. § § 2671-2680, commonly known as the Federal Tort Claims Act.

b.      Venue is appropriate in this district because the accident made the basis of this suit occurred in this district.

### 4. FACTS ON WHICH SUIT IS BASED

a.      On October 13, 2001, plaintiffs were traveling west on U.S. 281 in the proper lane of traffic. Porfirio Anaya, a United States Border Patrol Agent (hereinafter referred to as "Porfirio Anaya", was driving a U.S. Border Patrol vehicle west on the improved shoulder of U.S. 281 in front of plaintiffs' vehicle. Porfirio Anaya attempted to make a u-turn when it was unsafe to do. As a result, the defendant's vehicle suddenly and without warning struck the plaintiffs' vehicle. Plaintiffs suffered serious injuries as a result of Porfirio Anaya's negligence.

b.      Nothing plaintiffs did or did not do caused or in any manner contributed to the cause of this accident. As a result of the impact, plaintiffs sustained physical injuries. The plaintiffs' pain is and continues to be sharp, constant and severe. The effect of their injuries is permanent in nature, and in reasonable probability, plaintiffs will suffer for a long time into the future if not for the balance of their natural life.

c.      Under the circumstances, the person responsible for the operation of the truck, Porfirio Anaya, as a private person, would be liable to the plaintiffs for their damage resulting from the collision.

d.      The vehicle Porfirio Anaya was driving at the time of the accident was owned by the U.S. Border Patrol. The collision occurred while Porfirio Anaya was an employee of the U.S. Border

I:\CLIENTS\m\Martinez, Julio Cesar\Pleadings\Third Amended Complaint      -2-

Patrol acting in the scope of his office and employment with the United States Border Patrol. In their answer, Defendants certify that Defendant Anaya was in fact within the course and scope of his employment.

e.    Prior to filing this lawsuit, plaintiffs presented their claim in writing to the United States Department of Justice/Immigration and Naturalization Service for damages incurred as a result of the collision.   That claim was denied by the defendant.

f.    Defendant had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiffs' injuries were proximately caused by Porfirio Anaya's negligent, careless and reckless disregard of said duty.   The negligent, careless and reckless disregard of duty of defendant consisted of, but is not limited to, the following acts and omissions:

1.    In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances;

2.    In failing to identify obvious and apparent signs of danger which would result by driving in an unsafe manner;

3.    In failing to take proper evasive action to avoid the collision;

4.    In making a u-turn when it was unsafe to do so;

5.    In moving from one lane to another when it was unsafe to do so;

## 5. DAMAGES

a.    As a result of the defendant's negligence, plaintiffs have suffered severe personal injuries and property damages.   Plaintiffs have also suffered mental anguish and emotional distress. Plaintiffs plead for damages in the following amounts:

| | | |
|---|---|---|
| 1. | Nicolas Reyes: | $15,000.00 |
| 2. | Magda Reyes: | $20,000.00 |
| 3. | Juan Amaya: | $13,000.00 |
| 4. | Sergio Reyes: | $6,000.00 |
| 5. | Anaissa Reyes: | $2,500.00 |
| 6. | Vehicle Damages: | $6,565.89 |

## 6. JURY DEMAND

a.    The plaintiffs demand a trial by jury.

## 7. PRAYER

a.    For these reasons, plaintiffs request that defendants be cited to appear and answer, and on final trial plaintiffs have:

1.    Judgment against defendants for a sum in excess of the minimum jurisdictional limits of the Court, with interest at the legal rate from day of accident until judgment;

2.    Pre-judgment interest as provided by law;

3.    Post-judgment interest as provided by law;

4.    Costs of suit; and

5.    Such other and further relief to which plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICES OF
EZEQUIEL REYNA, JR., L.L.P.


By:_____
    San Juanita R. Campos
    Federal Bar No. 10044
    State Bar No.  03733090
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Telephone
(956) 969-8012 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiffs' First Amended Original Complaint and Summons has been served on this the _14th_ day of April, 2003, to the following:

Nancy L. Masso, Assistant U.S. Attorney
Michael T. Shelby, U.S. Attorney
600 E. Harrison, No. 201
Brownsville, Texas 78520
*Via Certified Mail Return Receipt Requested No.* _____

_____

San Juanita R. Campos